UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

PRIMELAND REAL ESTATE      Case No.: 6:24-bk-04612-LVV
DEVELOPMENT, LLC,      Chapter 11

    Debtor.
_____/

**DEBTORS' EMERGENCY MOTION FOR
AN ORDER (I) APPROVING BID PROCEDURES IN CONNECTION
WITH THE SALE OF REAL PROPERTY; (II) APPROVING SCHEDULING
A SALE HEARING; AND (III) GRANTING CERTAIN RELATED RELIEF**

Debtor, Primeland Real Estate Development, LLC ("Debtor" or "Primeland"), by and through their undersigned counsel and pursuant to Local Rule 2081-1, hereby moves the Court, pursuant to 11 U.S.C. §§ 363, 365, 1107, 1108 and Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006 for an order for authority to sell certain personal property and real property owned by the Debtor at a public auction to the highest bidder; approving bid procedures in connection with the sale; scheduling a sale hearing; and granting certain related relief; and in support thereof shows as follows:

**Jurisdiction and Venue**

1. This court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to § 1408. The statutory predicates for the relief sought in this Motion include 11 U.S.C. §§ 105, 363, 365, 1107 and 1108 and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure.

**Preliminary Statement**

2. The primary lender for the Debtor is Fuse 10, LLC, which holds a mortgage lien on real estate owned by Primeland and a perfected first priority security interest in all personal property owned by Debtor.

3. The Debtors intend to fund distributions to its creditors, through the sale of their assets as provided herein and in the attached Bid Procedures. A primary objective of this case is a value-maximizing sale of the Debtors' assets. Through this Motion the Debtor seeks the Court's approval to effectuate a § 363 sales process that would allow the Debtors to close the sale before December 31, 2024.

4. The Debtor proposes to pay the net proceeds from the sale of the assets to creditors based upon the priority of their claims under the Bankruptcy Code

**Background.**

5. On August 29, 2024 (the "Petition Date), Primeland filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code).

6. The Debtor continues to operate its businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

7. Information regarding the Debtor's history and business operations, capital structure and primary indebtedness, and the events leading to the commencement of its case is more fully set forth in the Case Management Summary (Doc. 5)

8. Primeland owns a parcel of real estate and is more particularly described as:

> The Northeast quarter of the Northeast quarter of the Southwest quarter of Section IO, Township 25 South, Range 27 East, Tallahassee Meridian, also known as Tract Four, Block C, of said Section 10, as shown by Florida Fruit & Truck Land Company's map or survey subdividing lands near Loughman,

>Florida and on file in the office of the Clerk of Circuit Court of Osceola County, Florida.
>ALSO KNOWN AS:
>Lot 4, Block "C" of FLORIDA FRUIT & TRUCK LAND CO subdivision of Section 10, Township 25 South, Range 27 East, according to the Plat thereof as recorded in Plat Book "B", Page 68, of the public records of Osceola County, Florida.
>TOGETHER WITH the West 1/2 of vacated right-of-way abutting the East boundary line of said Lot 4, Block "C" of FLORIDA FRUIT & TRUCK LAND CO subdivision of Section 10, Township 25 South, Range 27 East, according to the Plat thereof as recorded in Plat Book "B", Page 68, of the public records of Osceola County, Florida.

>Parcel Identification Number: Rl02527-3160000C0040

9. The Debtor has determined that it is in the best interests of the estate and creditors to maximize the value of its estate's assets through a structured and organized sale of the Property conducted pursuant to § 363 of the Bankruptcy Code and the attached Bid Procedures.

10. The Debtor has received a Letter of Intent (the "LOI") from Fuse10 LLC (the "Buyer" or the "Stalking Horse") This Motion seeks the Court's approval of the identification of Fuse10 LLC as the Stalking Horse, the approval of bidding procedures .

11. Under the LOI  The Purchase Price for the Purchased Assets will be in the form of a credit bid representing the full amount (including interest and fees) owed to Buyer. As of September 30th, the amount owed is $9,664, 875.16 plus accrued fees and, thus, the amount of the bid is $9,700,000.00 (the "Credit Bid"). The Credit Bid shall be tendered in full satisfaction of the outstanding obligation owed to Buyer.

12. Conditions precedent under the LOI are that the closing of the transaction is subject to the successful  completion of the following items: (i) entry of an order by the Bankruptcy Court, in a form acceptable to Buyer, which conveys the Purchased Assets, under Bankruptcy Code Section  363(f), free and clear of all liens, claims and interests to Buyer; (ii) a finding in favor of Buyer under Bankruptcy Code Section 363(m); (iii) the filing of a plan of liquidation by Seller

which contemplates the sale; (iv) execution of definitive documents acceptable to Buyer, including a release by Seller of all claims against Buyer; and (v) any required third party approvals or consents for the Transaction having been made and received.

13. Accordingly, the Debtor has filed this Motion to allow the asset sale process to be completed and the Property to be sold free clear of any and all liens, claims and encumbrances.

## Relief Requested

14. The Debtor seeks approval of bidding procedures ("Bid Procedures") in connection with the sale of the Property through which the Debtor will solicit and consider initial offers for the purchase of the Sales Assets.

15. The Debtor, utilizing its business judgment, believes that the Bid Procedures attached as "**Exhibit A"** will allow the Debtor to receive the highest and best offer available to the Debtor for the sale of the Property. The Debtor believes that these Bid Procedures are fair and equitable to interested bidders, the Debtor and the Debtor's creditors while maximizing their value for the benefit of the estate. A copy of the Purchase and Sale Agreement to be utilized is attached hereto as **Exhibit "B**".

16. Section 11 U.S.C. § 363(b)(1) permits the Debtor to sell property of the estate, other than in the ordinary course of business after notice and a hearing. A proposed sale under § 363(b)(1) is evaluated under the business judgment test. *In re Diplomat Construction, Inc*., 481B.R. 215, 218 (Bankr. N.D. Ga. 2012). A sale should be approved where "the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith." *In re Phoenix Steel Corp*., 82 B.R. 334, 336 (Bankr. D. Del. 1987).

17. Primeland intends to sell the Property pursuant to a Real Estate Purchase Contract which Primeland will propose as a form asset purchase agreement to be utilized in connection with

Qualified Bids.  The Debtor will supplement this Motion with a final proposed Asset Purchase Agreement prior to the hearing to consider the Motion.

18. The Bid and Sale Procedures already drafted and proposed include among its provisions the deadline for submitting Bids, the minimum Deposit required to submit a Bid, a period for interested parties to submit a Bid, and the minimum overbid amount, among other relevant provisions.  The Bid and Sale Procedures have been proposed in good faith and are fair and equitable to all parties in interest.

19. In addition, The Debtor seeks authority to take all actions and execute all documents that, pursuant to the Debtor's business judgment, they deem reasonable, necessary, and/or desirable to effectuate the relief requested herein.

## Notice

20. The Debtor proposes to send the Bid Procedures order to (a) parties on the Local Rule 1007-2 Parties in Interest List, (b) all parties which, to the knowledge of the Debtor, have or have asserted liens on the Property; (c) all counterparties to contracts; and (d) any party that has expressed or subsequently expresses an interest to the Debtor in acquiring the Property.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (i) granting the Motion; (ii) approving the Bid Procedures; (iii) approving the notice terms set forth above; (iv) allowing the Debtor to proceed with marketing and sale of the Property free and clear of all claims, liens and encumbrances under § 363; and (vi) for all other relief that the Court deems just and proper.

Dated: November 8, 2024        Respectfully submitted,

/s/Frank M. Wolff
Frank M. Wolff, Esq.
Florida Bar No. 319521
**Nardella & Nardella, PLLC**

135 W. Central Blvd., Suite 300  
Orlando, FL 32801  
Telephone (407) 966-2680  
Email: fwolff@nardellalaw.com  
Secondary Email : klynch@nardellalaw.com  
kosment@nardellalaw.com  

***COUNSEL TO DEBTOR***